UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY M. COMSTOCK,

    Plaintiff,

v.

4141 DESIGN GROUP LLC, a Florida
limited liability company, JOHN
MARQUETTE, individually, and
JACQUELINE RUNDQUIST,
individually,

    Defendants.

Case No. 2:26-cv-00874

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GREGORY M. COMSTOCK ("Plaintiff" or "Comstock") sues Defendants, 4141 DESIGN GROUP LLC, ("4141"), JOHN MARQUETTE, ("Marquette"), and JACQUELINE RUNDQUIST, individually ("Rundquist"), (herein collectively "Defendants"), and states as follows:

## CAUSES OF ACTION

1.    This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq. (FLSA) and Florida common law.

## PARTIES

2.    Plaintiff is an individual who currently resides in Collier County, Florida.

3.    Defendant 4141 Design Group LLC is a Florida limited liability company with its principal place of business located in Miami, Florida.

**CALCIANO PIERRO**

4.    Defendant John Marquette is an individual who resides in Miami-Dade County, Florida.

5.    Defendant Jacqueline Rundquist is an individual who resides in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

6.    Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.  Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7.    Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Collier County. Florida.

8.    Venue is proper in the Fort Myers Division because the action accrued in Naples, Collier County, Florida over which the Fort Myers Division has jurisdiction.

9.    All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

10.    Defendant 4141 is in the business of operating a high-end furniture showroom in Naples, Florida.

11.    Plaintiff was employed by Defendant 4141 as a Sales, Design, and Showroom Manager from December 9, 2024, through March 31, 2025.

12.     Throughout his employment, Plaintiff was supervised by the owners of Defendant 4141, Defendants Marquette and Rundquist, who exercised complete control over the terms of Plaintiff's employment, including his compensation, work schedule, and job duties.

13.     Plaintiff was hired pursuant to an employment agreement (**Exhibit A**) for a salary of $65,000 per year, plus a 3% commission on goods sold.

14.     Based on the terms of his employment agreement, the five-day work schedule, and the business's stated hours of operation, Plaintiff's salary was intended to compensate him for a 40-hour workweek.

15.     During the course of his employment, Plaintiff routinely worked in excess of forty (40) hours per week but was not paid overtime compensation.

16.     For his final two pay periods, Defendants unilaterally and without Plaintiff's consent, converted him from a salaried employee to an hourly employee, which constituted a breach of his employment agreement.

17.     As a result of this breach, Defendants failed to pay Plaintiff his full salary, resulting in a shortfall of $2,084.92.

18.     Defendants have also failed to pay Plaintiff approximately $180.00 in earned commissions.

19.     In total, Plaintiff is owed $2,264.92 in unpaid salary and commissions.

20.     Furthermore, Defendants failed to pay Plaintiff overtime wages for 123.34 hours worked, totaling $5,781.56.

**FLSA Coverage**

21.     At all times material hereto, Defendant 4141 was an "enterprise engaged in commerce" and a covered employer subject to the wage and hour requirements of the FLSA.

22.     At all times relevant, Defendant 4141 had annual gross revenues of at least $500,000.00 and employed two or more individuals who handled items that moved through interstate commerce.

23.     At all times material hereto, Defendants Marquette and Rundquist were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203, as they exercised operational control over the company's business practices, including all decisions regarding employee compensation.

24.     At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of one and one-half times his effective hourly rate for all hours worked in excess of forty (40) in a workweek.

## COUNT I
*(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant 4141 Design Group)*

25.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 24.

26.     Plaintiff and Defendant 4141 entered into a valid and enforceable employment agreement.

27.     Plaintiff performed all of his duties and obligations under the agreement.

28.    Defendant 4141 breached the agreement by unilaterally changing Plaintiff's compensation structure and by failing to pay him all earned salary and commissions.

29.    As a direct and proximate result of the breach, Plaintiff has been damaged in the amount of $2,264.92.

30.    Because the unpaid compensation constitutes wages, Plaintiff may be entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant 4141 for unpaid contractual pay in the amount of $2,264.92, plus prejudgment interest, costs of suit, reasonable attorney's fees, and any other relief the Court deems just and proper.

## COUNT II
*(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Against All Defendants)*

31.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 24.

32.    During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

33.    In violation of the FLSA, Defendants willfully failed to pay Plaintiff for 123.34 overtime hours worked.

34.    As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the amount of $5,781.56 in unpaid overtime compensation.

35.    Defendants did not make a good faith effort to comply with the FLSA.

36.    Plaintiff is entitled to recover from Defendants the unpaid overtime compensation and an additional equal amount of $5,781.56 as liquidated damages pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation of $5,781.56, liquidated damages of $5,781.56, prejudgment interest, costs of suit, reasonable attorney's fees under the FLSA, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 25th day of March 2026.          Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com